Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
James C. Feldman (Bar No. 1702003)
james.feldman@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for Hilcorp Alaska, LLC.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR ROSS, Secretary of Commerce; JIM BALSIGER, Regional Administrator of National Marine Fisheries Service; NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | No.: 3:19-cv-00238-JWS |

**INTERVENOR-DEFENDANT'S [PROPOSED] ANSWER**

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS          1

Intervenor-Defendant Hilcorp Alaska, LLC ("Hilcorp") answers Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows, in paragraphs numbered to correspond to the paragraph numbers in the Complaint.

## INTRODUCTION

1.     Paragraph 1 states plaintiffs' characterization of the litigation and therefore does not require a response.

2.     In response to paragraph 2, Hilcorp admits that seismic surveys can be used to locate oil and gas reserves beneath the ocean floor. The remaining allegations of paragraph 2 are vague, ambiguous, and speculative, and are therefore denied.

3.     Paragraph 3 states plaintiffs' characterization of the incidental take regulations and associated final rule at issue in this lawsuit ("ITR"), which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

4.     Paragraph 4 states plaintiffs' characterization of subjects addressed in the ITR and related environmental review documents, which requires no response as the ITR and related documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the ITR and related documents, Hilcorp denies them.

5.     Paragraph 5 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                    2

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

6.      Paragraph 6 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

7.      Paragraph 7 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

8.      Paragraph 8 states plaintiffs' characterization of the position of the Marine Mammal Commission, which requires no response as the Marine Mammal Commission's position speaks for itself. To the extent plaintiffs' allegations are inconsistent with the position of the Marine Mammal Commission, Hilcorp denies them. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9.      Paragraph 9 states plaintiffs' characterization of National Marine Fisheries Service ("NMFS") documents, which requires no response as the NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the NMFS documents, Hilcorp denies them.

10.     Paragraph 10 states plaintiffs' characterizations of the 2016 Recovery Plan for the Cook Inlet beluga whale ("Recovery Plan"), which require no response as the Recovery Plan speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Recovery Plan, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                3

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

11.     Paragraph 11 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

12.     In response to the first sentence of paragraph 12, Hilcorp denies that the ITR authorizes Hilcorp to conduct oil and gas activities in Cook Inlet. Hilcorp denies the remaining allegations of paragraph 12.

13.     Paragraph 13 states plaintiffs' characterization of their claims and requested relief and therefore does not require a response.

## JURISDICTION AND VENUE

14.     In response to paragraph 14, Hilcorp states that the Court's jurisdiction is a matter of law which does not require a response, and further states that the cited federal laws speak for themselves.

15.     In response to paragraph 15, Hilcorp states that the question of venue is a matter of law which does not require a response, and further states that the cited federal law speaks for itself.

## PLAINTIFFS

16.     Hilcorp is without information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17.     Hilcorp is without information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                    4

18.     The first sentence of paragraph 18 states plaintiffs' characterization of their claims and therefore does not require a response. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies them.

19.     Hilcorp denies the allegations of paragraph 19.

20.     Hilcorp denies the allegations of paragraph 20.

**DEFENDANTS**

21.     In response to paragraph 21, Hilcorp admits that Wilbur Ross is the Secretary of the U.S. Department of Commerce with all responsibilities prescribed by applicable law.

22.     In response to paragraph 22, Hilcorp admits that Jim Balsiger is the Regional Administrator for NMFS Alaska Regional Office with all responsibilities prescribed by applicable law.

23.     In response to paragraph 23, Hilcorp admits that NMFS is a subdivision of the National Oceanic and Atmospheric Administration, which is an agency within the U.S. Department of Commerce and with the authority provided by applicable law.

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS          5

# LEGAL BACKGROUND

## Marine Mammal Protection Act

24.     Paragraph 24 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

25.     Paragraph 25 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

26.     Paragraph 26 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

27.     Paragraph 27 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

28.     Paragraph 28 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

29.     Paragraph 29 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

30.     Paragraph 30 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

31.     Paragraph 31 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

32.     Paragraph 32 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

33.     Paragraph 33 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

34.     Paragraph 34 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

**Endangered Species Act**

35.     Paragraph 35 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                    7

36.     Paragraph 36 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

37.     Paragraph 37 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

38.     Paragraph 38 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

39.     Paragraph 39 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

40.     Paragraph 40 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

41.     Paragraph 41 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

42.     Paragraph 42 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

43.     Paragraph 43 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

44.     Paragraph 44 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

45.     Paragraph 45 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

46.     Paragraph 46 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

47.     Paragraph 47 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

48.     Paragraph 48 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

49.     Paragraph 49 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

50.     Paragraph 50 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

51.     Paragraph 51 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

52.     Paragraph 52 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

**National Environmental Policy Act**

53.     Paragraph 53 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                    10

54.    Paragraph 54 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

55.    Paragraph 55 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

56.    Paragraph 56 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

57.    Paragraph 57 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

58.    Paragraph 58 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

59.    Paragraph 59 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

60.     Paragraph 60 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

61.     Paragraph 61 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

62.     Paragraph 62 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

63.     Paragraph 63 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

64.     Paragraph 64 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

**Administrative Procedure Act[1]**

53.     Paragraph 53 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

54.     Paragraph 54 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

55.     Paragraph 55 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

**FACTS**

**Cook Inlet, Alaska**

65.     In response to paragraph 65, Hilcorp admits that Cook Inlet is a semi-enclosed tidal estuary fed by several rivers in southcentral Alaska, and that national parks, wildlife refuges, state parks, and various ecosystems are located within the Cook Inlet watershed. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 and therefore denies them.

---

[1] Hilcorp's Answer adopts the out-of-sequence paragraph numbering from plaintiffs' Complaint.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS          13

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

66. In response to paragraph 66, Hilcorp admits that the Cook Inlet watershed provides habitat for numerous species of wildlife. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66 and therefore denies them.

67. Hilcorp admits the allegations in paragraph 67.

68. Hilcorp admits the allegations in the first and second sentences of paragraph 68 regarding historic oil production in Cook Inlet. The allegations in the third sentence of paragraph 68 are vague, ambiguous, and speculative, and are therefore denied.

69. In response to the first sentence of paragraph 69, Hilcorp admits that in 2017 it bought 14 leases in Cook Inlet. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 and therefore denies them.

70. Paragraph 70 states plaintiffs' characterizations of BOEM's OCS Gas Leasing Plan, which requires no response as the applicable Gas Leasing Plan speaks for itself. To the extent plaintiffs' allegations are inconsistent with BOEM's OCS Gas Leasing Plan, Hilcorp denies them.

71. In response to paragraph 71, Hilcorp admits that in February 2017, it discovered a natural gas leak in one of the underwater pipelines it operates in Cook Inlet that was caused by the tidal movement of rocks against the pipeline. Hilcorp further

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS          14

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

admits that, after the leak was discovered, Hilcorp promptly initiated inspection and repair protocols and the leak was repaired as soon as weather and safety conditions allowed. Hilcorp denies the remaining allegations of paragraph 71.

72. Paragraph 72 states plaintiffs' characterizations of federal and state documents, which require no response as the applicable federal and state documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable federal and state documents, Hilcorp denies them.

73. Paragraph 73 states plaintiffs' characterizations of BP's August 2019 announcement about its Alaska assets, which require no response as the announcement speaks for itself. To the extent plaintiffs' allegations are inconsistent with that announcement, Hilcorp denies them.

**Marine Mammals in the Project Area**

74. Paragraph 74 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable NMFS documents, Hilcorp denies them.

75. Paragraph 75 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                    15

76.     The allegations in paragraph 76 are overly broad, vague, ambiguous, and speculative, and are therefore denied. Hilcorp further avers that the subjects addressed in paragraph 76 are addressed in the ITR, the content of which speaks for itself.

77.     The allegations in the first sentence of paragraph 77 are vague and ambiguous, and are therefore denied. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 and therefore denies them.

78.     The allegations in paragraph 78 are vague, ambiguous, and speculative, and are therefore denied.

79.     The allegations in paragraph 79 are vague, ambiguous, and speculative, and are therefore denied.

80.     In response to the first sentence of paragraph 80, Hilcorp admits that there are five distinct population segments of beluga whales. The second sentence of paragraph 80 is vague and ambiguous, and is therefore denied. In response to the third sentence of paragraph 80, Hilcorp admits that the Cook Inlet beluga whale is listed as endangered under the federal Endangered Species Act. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 and therefore denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

81.     In response to paragraph 81, Hilcorp admits that beluga whales are white in color and move between salt water and fresh water. The remaining allegations of paragraph 81 are vague and ambiguous, and are therefore denied.

82.     In response to paragraph 82, Hilcorp admits that beluga whales can be present in Cook Inlet at any time of the year. The remaining allegations of paragraph 82 are vague and ambiguous, and are therefore denied.

83.     In response to paragraph 83, Hilcorp admits that Cook Inlet beluga whales can eat a range of foods and can exhibit site fidelity. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and therefore denies them.

84.     Paragraph 84 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

85.     Paragraph 85 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

86.     The first sentence of paragraph 86 states plaintiffs' characterizations of NMFS' actions, which require no response as the applicable NMFS actions speak for

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS          17

themselves. To the extent plaintiffs' allegations are inconsistent with the applicable

NMFS actions, Hilcorp denies them. Hilcorp is without information sufficient to form a

belief as to the truth of the allegations in the second sentence in paragraph 86 and

therefore denies them. The allegations in the third sentence of paragraph 86 are vague

and ambiguous, and are therefore denied.

87.     Paragraph 87 states plaintiffs' characterizations of NMFS' actions, which

require no response as the applicable NMFS actions speak for themselves. To the extent

plaintiffs' allegations are inconsistent with the applicable NMFS actions, Hilcorp denies

them.

88.     Paragraph 88 states plaintiffs' characterizations of NMFS' actions, which

require no response as the applicable NMFS actions speak for themselves. To the extent

plaintiffs' allegations are inconsistent with the applicable NMFS actions, Hilcorp denies

them.

89.     The first sentence of paragraph 89 states plaintiffs' characterizations of

NMFS documents, which require no response as the applicable NMFS documents speak

for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable

NMFS documents, Hilcorp denies them. The remaining allegations in paragraph 89 states

plaintiffs' characterizations of NMFS' actions, which require no response as the

applicable NMFS actions speak for themselves. To the extent plaintiffs' allegations are

inconsistent with the applicable NMFS actions, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                    18

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

90.     Paragraph 90 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

91.     Paragraph 91 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

92.     Paragraph 92 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

93.     Paragraph 93 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

94.     Paragraph 94 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                19

95.     Paragraph 95 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

96.     Paragraph 96 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

97.     Paragraph 97 states plaintiffs' characterizations of Marine Mammal Commission documents, which require no response as the applicable Marine Mammal Commission documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable Marine Mammal Commission documents, Hilcorp denies them.

98.     Paragraph 98 states plaintiffs' characterizations of Hilcorp's application, which requires no response as the applicable application speaks for itself. To the extent plaintiffs' allegations are inconsistent with the applicable application, Hilcorp denies them.

99.     Paragraph 99 states plaintiffs' characterization of their claims in the litigation and therefore does not require a response.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

100. Paragraph 100 states plaintiffs' characterizations of the ITR and a Letter of Authorization ("LOA"), which require no response as the ITR and LOA speak for themselves. To the extent plaintiffs' allegations are inconsistent with the ITR and LOA, Hilcorp denies them.

101. Paragraph 101 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

102. Paragraph 102 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

103. Paragraph 103 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

104. Paragraph 104 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

105. Paragraph 105 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

106. Paragraph 106 states plaintiffs' characterization of the ITR and LOA, which requires no response as the ITR and LOA speak for themselves. To the extent plaintiffs' allegations are inconsistent with the ITR and LOA, Hilcorp denies them.

107. Paragraph 107 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

108. Paragraph 108 states plaintiffs' characterizations of the ITR and LOA, which require no response as the ITR and LOA speak for themselves. To the extent plaintiffs' allegations are inconsistent with the ITR and LOA, Hilcorp denies them.

109. Paragraph 109 states plaintiffs' characterizations of the ITR and LOA, which require no response as the ITR and LOA speak for themselves. To the extent plaintiffs' allegations are inconsistent with the ITR and LOA, Hilcorp denies them.

110. Paragraph 110 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

111. Paragraph 111 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

*STOEL RIVES* LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS      22

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

112.     Paragraph 112 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

113.     Paragraph 113 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

114.     Paragraph 114 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

115.     Paragraph 115 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

116.     Paragraph 116 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

117.     Paragraph 117 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

118. Paragraph 118 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

119. Paragraph 119 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

120. Paragraph 120 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

121. Paragraph 121 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

122. Paragraph 122 states plaintiffs' characterization of a Federal Register notice regarding Hilcorp's LOA, which requires no response as the applicable notice speaks for itself. To the extent plaintiffs' allegations are inconsistent with the applicable notice, Hilcorp denies them.

123. Paragraph 123 states plaintiffs' characterization of the Biological Opinion at issue in this lawsuit, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

124.     Paragraph 124 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

125.     Paragraph 125 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

126.     Paragraph 126 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

127.     Paragraph 127 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

128.     Paragraph 128 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

129.     Paragraph 129 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

130.     Paragraph 130 states plaintiffs' characterization of the Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") at issue in this

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS          25

lawsuit, which requires no response as the EA and FONSI speak for themselves. To the extent plaintiffs' allegations are inconsistent with the EA and FONSI, Hilcorp denies them.

131.    Paragraph 131 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

132.    Paragraph 132 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

133.    Paragraph 133 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

134.    Paragraph 134 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

135.    Paragraph 135 states plaintiffs' characterization of public comments submitted to the agency, and NMFS' response to those comments, which requires no response as the comments and agency response speak for themselves. To the extent plaintiffs' allegations are inconsistent with the comments and agency response, Hilcorp denies them.

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

136. Paragraph 136 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

137. Paragraph 137 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

138. Paragraph 138 states plaintiffs' characterization of the FONSI, which requires no response as the FONSI speaks for itself. To the extent plaintiffs' allegations are inconsistent with the FONSI, Hilcorp denies them.

### FIRST CLAIM FOR RELIEF

### (Violations of the MMPA and APA)

139. Hilcorp admits and denies the allegations of paragraph 139 as stated above.

140. Hilcorp denies the allegations of paragraph 140.

141. Hilcorp denies the allegations of paragraph 141.

142. Hilcorp denies the allegations of paragraph 142.

143. Hilcorp denies the allegations of paragraph 143.

144. Hilcorp denies the allegations of paragraph 144.

145. Hilcorp denies the allegations of paragraph 145.

### SECOND CLAIM FOR RELIEF

### (Violations of the ESA and APA)

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                27

146.	Hilcorp admits and denies the allegations of paragraph 146 as stated above.

147.	Hilcorp denies the allegations of paragraph 147.

148.	Hilcorp denies the allegations of paragraph 148.

149.	Paragraph 149 states a conclusion of law, which requires no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

150.	Hilcorp denies the allegations of paragraph 150.

## THIRD CLAIM FOR RELIEF

### (Violations of the NEPA and APA)

151.	Hilcorp admits and denies the allegations of paragraph 151 as stated above.

152.	Hilcorp denies the allegations in the first sentence of paragraph 152. The second and third sentences of paragraph 152 state conclusions of law and characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

153.	Hilcorp denies the allegations of paragraph 153.

154.	Hilcorp denies the allegations of paragraph 154.

155.	Hilcorp denies the allegations in the first sentence of paragraph 155. The first clause of the second sentence of paragraph 155 states plaintiffs' characterization of

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

the EA, which requires no response as the EA speaks for itself. Hilcorp denies the remaining allegations in the second sentence of paragraph 155.

156.    Hilcorp denies the allegations of paragraph 156.

## PRAYER FOR RELIEF

Hilcorp denies that plaintiffs are entitled to any of the relief requested in the Complaint, including, but not limited to, the relief prayed for in paragraphs 1 through 7 of the Prayer for Relief.

Except as expressly admitted in this Answer, Hilcorp denies each and every allegation contained in plaintiffs' Complaint and the whole thereof.

## HILCORP'S AFFIRMATIVE DEFENSES

Hilcorp asserts the following affirmative defenses:

1.  Plaintiffs have failed to state a claim for which relief may be granted.

2.  Plaintiffs lack standing to bring their claims.

3.  This Court lacks jurisdiction over some or all of plaintiffs' claims.

4.  Some or all of plaintiffs' claims are barred by the doctrines of ripeness, laches, or exhaustion of administrative remedies.

5.  Hilcorp reserves the right to amend or supplement these affirmative defenses as appropriate.

WHEREFORE, Hilcorp, having fully answered the allegations contained in plaintiffs' Complaint, respectfully requests that this Court enter a judgment dismissing

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

the Complaint with prejudice, and awarding such other and further relief as may be just and warranted.

DATED:

STOEL RIVES LLP

By: _____
RYAN P. STEEN (Bar No. 0912084)
JASON T. MORGAN (Bar No. 1602010)
JAMES C. FELDMAN (Bar No. 1702003)

Attorneys for Hilcorp Alaska, LLC