Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
James C. Feldman (Bar No. 1702003)
james.feldman@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for Hilcorp Alaska, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>               Plaintiffs,<br><br>   v.<br><br>WILBUR ROSS, Secretary of Commerce; JIM BALSIGER, Regional Administrator of National Marine Fisheries Service; NATIONAL MARINE FISHERIES SERVICE,<br><br>               Defendants. | No.: 3:19-cv-00238-JWS |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE BY HILCORP ALASKA, LLC**

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS          1

Case 3:19-cv-00238-JWS   Document 16   Filed 09/18/19   Page 1 of 18

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

# I. INTRODUCTION

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Hilcorp Alaska, LLC ("Hilcorp") respectfully moves for leave to intervene as a defendant in the above-captioned litigation. As set forth below, this lawsuit squarely targets Hilcorp's long-planned activities in Cook Inlet for 2019 through 2024, and Hilcorp meets all of the requirements to intervene as of right.

Hilcorp is the largest privately held operator in Alaska, as well as the largest gas supplier in the state. Hilcorp operates numerous oil and gas facilities in Alaska, both in Cook Inlet and on the North Slope. Hilcorp is actively involved in exploring for and developing new sources of oil and gas in Cook Inlet and has invested over $1.8 billion in Alaska since 2012.

In 2018, pursuant to Section 101(a)(5) of the Marine Mammal Protection Act ("MMPA"), Hilcorp petitioned the National Marine Fisheries Service ("NMFS") to issue incidental take regulations ("ITRs") governing the unintentional "take" of marine mammals incidental to routine oil and gas activities in Cook Inlet. NMFS evaluated the petition and, in July 2019, issued ITRs that establish a regulatory framework for the authorization of incidental take, including, *inter alia*, a comprehensive suite of mitigation and monitoring measures to minimize any such take. Pursuant to the Cook Inlet ITRs, Hilcorp also sought and received a Letter of Authorization ("LOA") from NMFS authorizing the unintentional take of marine mammals incidental to Hilcorp's planned

Case 3:19-cv-00238-JWS   Document 16   Filed 09/18/19   Page 2 of 18

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

activities for the next year.[1] Those activities include an outer continental shelf ("OCS") three-dimensional (3D) seismic survey, an OCS geohazard survey, and platform and pipeline maintenance in Cook Inlet. The ITRs, and the corresponding one-year LOA issued under the ITRs, are essential to Hilcorp's ability to efficiently and effectively evaluate and develop natural resources in Cook Inlet.

Cook Inletkeeper and the Center for Biological Diversity ("Plaintiffs") have brought this lawsuit to challenge the validity of the ITRs and supporting documentation, alleging violations of the MMPA, the Endangered Species Act ("ESA"), the National Environmental Policy Act ("NEPA"), and the Administrative Procedure Act ("APA"). Plaintiffs ask the Court to "set aside" the ITRs issued by NMFS as well as "the accompanying biological opinion, environmental assessment, and finding of no significant impact."[2] Plaintiffs also request preliminary and permanent injunctive relief "as needed to prevent irreparable harm from implementation of [Hilcorp's] activities."[3]

---

[1] 84 Fed. Reg. 37,442 (July 31, 2019).

[2] *See* Dkt. 1 (Complaint) at ¶ 13.

[3] *See* Dkt. 1, Prayer for Relief. At various places in the Complaint, Plaintiffs mistakenly assert that the agency actions they have challenged authorize Hilcorp's "activities." Plaintiffs have challenged the ITRs and related environmental review decisions, which authorize *incidental take* of marine mammals, not Hilcorp's planned activities themselves (which are authorized by other agencies under different statutes).

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS            3

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

In sum, Hilcorp seeks to intervene because the claims asserted and relief requested by Plaintiffs imperil Hilcorp's exploration and development interests in Cook Inlet.[4] If Plaintiffs are successful in their claims, Hilcorp stands to lose the ability to explore for and potentially develop the oil and gas resources on lands it has leased at substantial expense.

## II. BACKGROUND

### A. MMPA Section 101(a)(5)(A) Framework.

With certain exceptions, the MMPA generally prohibits the "taking" of marine mammals.[5] The MMPA defines "take" to mean harass, hunt, capture, or kill or attempt to harass, hunt, capture, or kill any marine mammal.[6] Section 101(a)(5)(A) of the MMPA gives NMFS the authority to allow the incidental, but not intentional, taking of small numbers of marine mammals in response to requests by citizens.[7] This authorization applies to a specific type of activity in a specific geographic region, and may be issued where the total takings within a five-year period will have a negligible impact on the

---

[4] Federal Defendants take no position on Hilcorp's motion to intervene. Plaintiffs state that they "take no position on the motion until [they] see the papers filed with the Court." Declaration of Ryan Steen, ¶ 2.

[5] *See* 16 U.S.C. § 1371(a).

[6] 16 U.S.C. § 1362(13).

[7] *See* 16 U.S.C. § 1371(a)(5)(A).

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS          4

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

affected marine mammal stocks.[8] In so doing, NMFS must also prescribe regulations setting forth "permissible methods of taking pursuant to such activity, and other means of effecting the least practicable adverse impact on the species . . . and its habitat[.]"[9] After five-year regulations are issued under Section 101(a)(5)(A), NMFS will issue one-year LOAs to requesting parties that meet the terms and conditions of the regulations.[10] The LOA is the mechanism that actually authorizes the incidental take.

**B.    Hilcorp's Interests in Cook Inlet.[11]**

Alaska's Cook Inlet basin contains large oil and gas deposits that have been actively developed for over 60 years. Cook Inlet reached peak oil production in 1970 and peak natural gas production in 1994. There are numerous oil and gas fields on the Kenai Peninsula and offshore Cook Inlet. This area has produced a cumulative total of over 1.3 billion barrels of oil and 7.75 trillion cubic feet of natural gas.

Hilcorp has been operating in Alaska since 2011 and owns interests in and operates numerous oil and gas units and facilities located in both Cook Inlet and the North Slope. In addition to Hilcorp's Cook Inlet interests, Hilcorp's subsidiaries own and operate four major pipeline systems in Cook Inlet. Since arriving in Alaska, Hilcorp has

---

[8] *Id.*

[9] 16 U.S.C. § 1371(a)(5)(A)(i)(II)(aa).

[10] *Id.*

[11] Unless otherwise noted, all facts stated in this subsection II.B, and in subsection II.D, are supported by the Declaration of Kevin A. Tabler ("Tabler Decl.").

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS               5

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

invested over $1.8 billion in Cook Inlet and is actively involved in exploring for and developing new sources of oil and gas in Cook Inlet. In 2017 alone, Hilcorp invested $320 million in the Cook Inlet field.

## C.    Procedural Background.

In June 2017, the Bureau of Ocean Energy Management ("BOEM") conducted a Cook Inlet OCS lease sale, in which Hilcorp was the high bidder on 14 lease tracts totaling over 76,000 acres.[12] Hilcorp was also the high bidder on an additional six tracts (over 26,000 acres) in a lease sale conducted by the State of Alaska.[13] In April 2018, with the goal of exploring for and developing oil and gas resources on these lease tracts, Hilcorp petitioned NMFS for regulations under which NMFS could authorize the unintentional, non-lethal "take" of marine mammals incidental to sound exposure resulting from Hilcorp's oil and gas activities in Cook Inlet from May 2019 to April 2024.[14] On July 31, 2019, NMFS granted Hilcorp's petition and issued the final Cook Inlet ITRs for 2019–2024, as well as a one-year LOA authorizing Hilcorp to take, by incidental harassment, certain species of marine mammals while conducting 3D seismic surveys, geohazard surveys, and platform and pipeline maintenance.[15] The ITRs and

---

[12] Tabler Decl., ¶ 7.

[13] *Id.*

[14] *See* 84 Fed. Reg. at 37,443.

[15] *Id.* at 37,442.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA  98101
Main (206) 624-0900 Fax (206) 386-7500

LOA prescribe a suite of rigorous mitigation and monitoring measures designed to minimize any potential impacts on marine mammals.[16] In corresponding decisions, NMFS issued an Environmental Assessment and Finding of No Significant Impact under NEPA, as well as a "no jeopardy" Biological Opinion pursuant to Section 7 of the ESA.

**D.      Hilcorp's Interest in This Litigation.**

Plaintiffs' lawsuit challenges the validity of the 2019–2024 Cook Inlet ITRs promulgated by NMFS in response to Hilcorp's petition, as well as the supporting documentation prepared by NMFS.[17] Hilcorp has a significant interest in the 2019–2024 Cook Inlet ITRs. On the most specific level, Hilcorp, as the entity requesting the ITRs and LOA, has spent substantial time and resources to obtain the regulations and corresponding authorization as well as the related necessary approvals for the planned activities themselves. Exploration programs, such as the program planned by Hilcorp, are necessary to find and assess oil and gas deposits that may become prospects for development. In 2019–2020, Hilcorp intends to collect 3D seismic data over eight of the 14 lease tracts in Lower Cook Inlet.[18] In preparation for these seismic surveys, Hilcorp

---

[16] *Id.* at 37,493–96.

[17] Dkt. 1 at 4, 41–42.

[18] Seismic surveys utilize acoustic waves to characterize the geological features below the seafloor. Seismic surveys are carried out by vessels that tow an array of different sized acoustic sound sources, typically consisting of compressed-air chambers resembling SCUBA tanks that emit a very brief (less than 0.1 second) acoustic pulse into

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                    7

applied for and was issued the required permit from BOEM. Hilcorp has also contracted, at substantial expense, with the *Polarcus Alima* to conduct 3D seismic surveys, which are presently underway and are anticipated to last for approximately 45–60 days.

More broadly, this lawsuit threatens future necessary Hilcorp activities in Cook Inlet. Plaintiffs have requested vacatur of the ITRs and unspecified preliminary or permanent injunctive relief. Such relief would have a major adverse impact on Hilcorp's regulatory and business interests. For example, although Hilcorp expends considerable effort to avoid interactions with marine mammals, the proximity of certain marine mammal habitat to suitable oil and gas development locations in Cook Inlet makes it nearly impossible to completely eliminate the potential for some unintentional, minor marine mammal interactions, albeit in small numbers and with negligible impacts to marine mammal populations. This potential requires Hilcorp to obtain MMPA authorizations to avoid potential liability under the MMPA. If Hilcorp is unable to carry out necessary exploratory activities, it faces the potential loss of rights under existing leases, the loss of significant investments made on the basis of reasonable expectations, and an impaired ability to plan and permit future exploration or development projects in Cook Inlet.

---

the water every four to six seconds. The pulse from the acoustic array reflects off the seafloor and subsurface layers and the return signal is recorded by a towed listening device that can later be analyzed to create an image of the seafloor's underlying geological layers. *See* 84 Fed. Reg. at 37,444–46.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                    8

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

Consequently, Plaintiffs' challenge to the validity of the 2019–2024 Cook Inlet ITRs necessarily implicates the direct, certain, and significant interests of Hilcorp. As both the entity requesting the ITRs and the entity that will benefit from the ITRs, Hilcorp has an immediate and direct stake in the outcome of this litigation.

### III.  ARGUMENT

**A.      Hilcorp Is Entitled to Intervene as of Right.**

The Ninth Circuit has adopted a four-part test to determine whether a party should be permitted to intervene as of right: (1) the motion must be timely; (2) the movant must claim a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the movant must be so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the movant's interest must not be adequately represented by the existing parties to the action.[19]  Consistent with all other federal courts of appeal, the Ninth Circuit applies this test broadly in favor of intervention:

> A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we

---

[19] *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999) (internal quotation marks and citation omitted).

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                9

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA  98101
Main (206) 624-0900 Fax (206) 386-7500

allow an additional interested party to express its views before the court.[20]

As discussed below, Hilcorp meets each of the requirements for intervention as of right.

### 1. Hilcorp's motion is timely.

When evaluating timeliness, courts in the Ninth Circuit consider (1) the stage of the proceedings, (2) any prejudice to the existing parties, and (3) the reasons for and length of any delay.[21] This litigation was recently filed and is in its preliminary stages. Defendants have not filed an answer, nor has the administrative record been lodged. Hilcorp has acted swiftly and without delay to seek intervention, and no party will be prejudiced by Hilcorp's intervention. Hilcorp has submitted a proposed answer to the complaint along with this motion to avoid any possible delay. Intervention is routinely considered timely at this litigation stage, and no prejudice, delay, or inefficiency will result from Hilcorp's intervention.[22]

---

[20] *United States v. City of L.A., Cal.*, 288 F.3d 391, 397–98 (9th Cir. 2002) (internal quotation marks and citation omitted; emphasis in original); *Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926 (9th Cir. 1990).

[21] *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997).

[22] *See, e.g., Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (motion deemed timely when filed before EPA's answer), *overruled in part on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1176 (9th Cir. 2011); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motion deemed timely when filed less than three months after complaint was filed and less than two weeks after Forest Service's answer).

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                 10

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

## 2. Hilcorp has a significant protectable interest in the resolution of this action.

A significant protectable interest exists when an applicant "asserts an interest that is protected under some law" and "there is a relationship between [the applicant's] legally protected interest and the plaintiff's claims."[23] The interest requirement of Rule 24(a) is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[24] Accordingly, "[n]o specific legal or equitable interest need be established" for the Rule 24 test to be satisfied.[25] To satisfy the "relationship" requirement, an applicant must show that resolution of the plaintiff's claims will affect the applicant.[26]

Hilcorp has significant and well-demonstrated regulatory, property, and economic interests that are directly at stake in the present litigation. As described above, Hilcorp has made a substantial investment in Cook Inlet. Hilcorp also has expended considerable

---

[23] *City of L.A.*, 288 F.3d at 398 (internal quotation marks and citation omitted); *id.* (relationship requirement is met where "resolution of the plaintiff's claims actually will affect the applicant" (internal quotation marks and citation omitted)); *see Sierra Club*, 995 F.2d at 1484 (intervenor's interest need not be protected by statute put at issue by complaint so long as it is protected by law and relates to claim).

[24] *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967); *see Wilderness Soc'y*, 630 F.3d at 1179.

[25] *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotation marks and citation omitted).

[26] *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                 11

resources for activities leading up to NMFS' promulgation of the ITRs and issuance of the LOA, including acquiring oil and gas leases in Cook Inlet, applying for and securing the necessary permits, and contracting the *Polarcus Alima* to conduct a seismic survey. Plaintiffs' lawsuit directly challenges a NMFS decision upon which Hilcorp's planned activities depend.[27]

In addition, the Ninth Circuit has explicitly recognized that property and contractual stakes in an action are protectable interests sufficient to warrant intervention when those interests have a close relationship to the claims at issue in the litigation.[28] Although Plaintiffs do not directly challenge Hilcorp's leases issued by BOEM, vacatur of the ITRs would significantly impair Hilcorp's interests in its leases, in addition to significantly impairing the regulatory rights for which Hilcorp has petitioned and

---

[27] Dkt. 1 at 1–2 ("Plaintiffs . . . challenge a regulation that permits the oil and gas company Hilcorp Alaska LLC[] to harm and harass critically endangered Cook Inlet beluga whales and other marine mammals incidental to oil and gas exploration and development activities in Cook Inlet. . . .").

[28] *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 820 (finding a significant protectable interest in a contract); *Sierra Club*, 995 F.2d at 1482 (finding that the City of Phoenix's property rights in a wastewater treatment plant and permits provided a sufficient interest to support intervention in a Clean Water Act case); *Wilderness Soc'y*, 630 F.3d at 1179 (holding that there is "a sufficient interest for intervention purposes if [a prospective intervenor] will suffer a practical impairment of its interests as a result of the pending litigation" (internal quotation marks and citation omitted)).

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                12

obtained.[29] Accordingly, Hilcorp satisfies the second prong of the intervention test: this lawsuit has the potential to adversely impact Hilcorp's current and future exploration activities and, by extension, its rights under its existing Cook Inlet leases.

### 3. Disposition in favor of Plaintiffs will harm Hilcorp's interests.

The test for impairment under Rule 24 focuses on practical effects. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . ."[30] Intervention as of right is particularly appropriate when, as here, the relief sought is injunctive.[31]

The purpose of Plaintiffs' claims in this litigation is to invalidate certain federal authorizations that are necessary for Hilcorp to conduct exploration activities in Cook Inlet.[32] If Plaintiffs are successful in their claims, Hilcorp stands to lose the ability to explore for and potentially develop the oil and gas resources on lands it has leased (at

---

[29] *See, e.g.*, *Defs. of Wildlife v. Bureau of Ocean Energy Mgmt.*, No. 10-0254-WS-C, 2010 WL 5139101, at *2 (S.D. Ala. Dec. 9, 2010).

[30] Fed. R. Civ. P. 24 advisory committee's note, *quoted in Citizens for Balanced Use*, 647 F.3d at 898.

[31] *See City of L.A.*, 288 F.3d at 399; *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (where relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests, the party satisfies the "interest" test); Complaint, Prayer for Relief.

[32] *See* Dkt. 1 at 4, 41–42.

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

substantial expense).[33] Less draconian remedies or forms of injunctive relief could also impose substantial additional costs from delay or increased regulatory burdens, or significantly devalue some of the leases.[34] In addition, an adverse ruling in this case could impact Hilcorp's ability to conduct future exploration programs in Cook Inlet.[35] Hilcorp satisfies the third prong of the intervention test.

### 4. Defendants do not adequately represent Hilcorp's interests.

Hilcorp's interests are sufficiently different from those of Defendants to warrant intervention. The burden of demonstrating inadequate representation is minimal. Hilcorp need only show that its interests are different from the existing parties' interests such that their representation "may be" inadequate.[36] The Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.[37]

---

[33] Tabler Decl., ¶ 14.

[34] *Id.*

[35] *Id.*; Dkt. 1, Prayer for Relief.

[36] *Citizens for Balanced Use*, 647 F.3d at 898; *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823; *Nuesse*, 385 F.2d at 703.

[37] *City of L.A.*, 288 F.3d at 398 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996)).

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                 14

Here, the interests and perspectives of Hilcorp as a non-federal entity with a direct economic stake in this controversy are very different from the interests of the U.S. Department of Commerce and NMFS as federal regulatory agencies. When parties, such as Hilcorp, have private interests, as opposed to the government's "public" interests, this difference is sufficient to justify intervention.[38]

## B. Alternatively, Hilcorp Is Entitled to Permissive Intervention.

As with intervention as of right, permissive intervention is construed liberally in favor of the moving party.[39] Permissive intervention should be allowed under Rule 24(b) as long as the applicant for intervention establishes that "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."[40] Under this standard, neither the inadequacy of representation nor a direct interest in the subject matter of the action need be shown.[41]

---

[38] *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 823–24; *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994); *Cty. of Fresno v. Andrus*, 622 F.2d 436, 438–39 (9th Cir. 1980); *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977).

[39] *City of L.A.*, 288 F.3d at 397–98.

[40] *Donnelly*, 159 F.3d at 412.

[41] *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *overruled in part on other grounds by Wilderness Soc'y*, 630 F.3d at 1178.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

As addressed above, Hilcorp's interests are placed directly at stake by the Plaintiffs' claims. As the private party that will be most directly and adversely affected by the relief sought by Plaintiffs—indeed, as the target of this lawsuit in all practical terms—Hilcorp's interests present issues of law and fact common to the main action.[42] In addition, Hilcorp's motion to intervene is timely and will not prejudice the existing parties. Accordingly, if this Court were to deny Hilcorp's motion to intervene as of right, permissive intervention should be granted.[43]

## IV. CONCLUSION

For the foregoing reasons, Hilcorp respectfully requests that the Court grant its motion for leave to intervene as of right under Fed. R. Civ. P. 24(a). In the alternative, Hilcorp respectfully requests that it be granted permissive intervention under Fed. R. Civ. P. 24(b).

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

---

[42] Dkt. 1 at 1–2 ("Plaintiffs . . . challenge a regulation that permits the oil and gas company Hilcorp Alaska LLC[] to harm and harass critically endangered Cook Inlet beluga whales and other marine mammals incidental to oil and gas exploration and development activities in Cook Inlet . . . .").

[43] *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) (explaining that "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims").

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                16

Respectfully submitted,

DATED: September 18, 2019.

STOEL RIVES LLP

By: _/s/ Ryan P. Steen_____
     RYAN P. STEEN (Bar No. 0912084)
     JASON T. MORGAN (Bar No. 1602010)
     JAMES C. FELDMAN (Bar No. 1702003)

     Attorneys for Hilcorp Alaska, LLC

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS     17

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2019, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:19-cv-00238-JWS who are registered CM/ECF users will be served by the CM/ECF system.

Julie Teel Simmonds - Email: jteelsimmonds@biologicaldiversity.org
Kassia Siegel - Email: ksiegel@biologicaldiversity.org
Kristen Monsell - Email: kmonsell@biologicaldiversity.org

*/s/ Ryan P. Steen*
Ryan P. Steen

103604913.1 0066502-00011

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-JWS                18