Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
James C. Feldman (Bar No. 1702003)
james.feldman@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for Hilcorp Alaska, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER and CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR ROSS, Secretary of Commerce; JIM BALSIGER, Regional Administrator of National Marine Fisheries Service; NATIONAL MARINE FISHERIES SERVICE, <br><br> Defendants. | No.: 3:19-cv-00238-SLG |

**REPLY IN SUPPORT OF HILCORP'S MOTION TO INTERVENE**

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                     1

# I. INTRODUCTION

Plaintiffs Cook Inletkeeper and Center for Biological Diversity ("Plaintiffs") do not oppose Hilcorp Alaska, LLC's ("Hilcorp") Motion to Intervene. However, they request that the Court place two conditions on Hilcorp's participation by: "(1) requir[ing] Hilcorp to abide by any briefing and case management schedules the Court establishes; and (2) limit[ing] the number of pages allowed for all memoranda Hilcorp files to that allowed for replies under D. Ak. L.R. 7.4(a)(1), (2)."[1] Hilcorp addresses each of these two proposed conditions below. In short, Hilcorp has established a right to intervene under Federal Rule of Civil Procedure ("Rule") 24(a) and should have the same rights of participation as the other parties to this case.

# II. ARGUMENT IN REPLY

## A. Hilcorp Will Abide by Any Briefing and Case Management Schedules Established by the Court.

No case management orders have been entered at this early stage of the litigation, and the Federal Defendants' answer is not due until early November.[2] Accordingly, if Hilcorp's motion is granted, it will almost certainly become a party to this case before case management is discussed among the parties and before any case management orders are issued. If granted intervention, Hilcorp will participate in such discussions in good

---

[1] Dkt. 21 at 2.

[2] Under Rule 12(a)(2), the Federal Defendants must file an answer within 60 days after service on the U.S. attorney. Summonses were issued to the Federal Defendants on September 4, 2019, and again to Jim Balsiger on September 9, 2019. *See* Clerk's notations after Dkt. 7 and Dkt. 14.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG        2

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

faith and will abide by case management orders just as would the other parties to this case.

Therefore, Hilcorp does not object to the Plaintiffs' first condition because it simply states an obligation applicable to all the parties to this case. To the extent Plaintiffs are impliedly asking the Court to prohibit Hilcorp from requesting any necessary and reasonable extensions on future deadlines, Hilcorp objects because the parties to this case are not so conditioned.

### B. Plaintiffs' Proposed Page Limit Restriction Is Unsupported and Meritless.

Hilcorp opposes Plaintiffs' proposal to restrict the length of Hilcorp's briefings to the page limits for replies established by the local civil rules. Plaintiffs make this request despite the fact that their claims squarely and indisputably target Hilcorp's activities.[3] And, Plaintiffs concede that Hilcorp has met all the requirements for intervention as of right, including that Hilcorp's interests are not adequately represented by the Federal Defendants. Under these circumstances, and for the reasons addressed below, it would be inappropriate to impinge Hilcorp's ability to defend the federal authorizations that are essential to its activities.

---

[3] As Plaintiffs acknowledge, the regulations at issue in this case apply only to Hilcorp. *See* Dkt. 1 (Complaint) at 1-2 ("Plaintiffs . . . challenge a regulation that permits the oil and gas company Hilcorp Alaska LLC[] to harm and harass critically endangered Cook Inlet beluga whales and other marine mammals incidental to oil and gas exploration and development activities in Cook Inlet. . . .").

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG            3

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

The Ninth Circuit recognizes that an intervenor has "full party status" in the litigation once the motion to intervene is granted.[4] Consistent with this authority, this Court has, in at least four recent cases, granted intervention with "full rights of participation" and without imposing page limits of the nature suggested by Plaintiffs.[5] Even though plaintiff Center for Biological Diversity is a party to two of those cases, Plaintiffs have not alleged that the defendant-intervenor's full participation in any of those cases caused any inefficiencies or was otherwise unreasonable.[6]

Moreover, the case Plaintiffs cite as supposed support for their requested restriction—*Tongass Conservation Society v. U.S. Forest Service*—actually supports Hilcorp, not Plaintiffs.[7] That case involved a challenge to the U.S. Forest Service's approval of logging and road construction by Viking Lumber Company ("Viking") in the

---

[4] *See United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997) ("Indeed, intervening parties have full party status in the litigation commencing with the granting of the motion to intervene." (citation omitted)).

[5] *See N. Alaska Env't Ctr. v. U.S. Dep't of the Interior*, No. 3:18-cv-00030-SLG (D. Alaska Apr. 16, 2018), ECF No. 22 (granting ConocoPhillips' motion to intervene with full rights of participation); *Nat. Res. Def. Council v. Bernhardt*, No. 3:18-cv-00031-SLG (D. Alaska Apr. 16, 2018), ECF No. 17 (same); *N. Alaska Env't Ctr. v. U.S. Dep't of the Interior*, No. 3:19-cv-00055-SLG (D. Alaska Apr. 10, 2019), ECF No. 22 (same); *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, No. 3:19-cv-00056-SLG (D. Alaska Apr. 10, 2019), ECF No. 15 (same).

[6] *See Nat. Res. Def. Council*, No. 3:18-cv-00031-SLG; *Native Vill. of Nuiqsut*, No. 3:19-cv-00056-SLG.

[7] *See* Dkt. 21 at 3.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

Tongass National Forest.[8] As the holder of the timber sale contract that the plaintiffs sought to enjoin, Viking moved to intervene as of right pursuant to Rule 24(a) at the outset of the litigation.[9] The Court granted Viking's motion in full (with no page limits).[10] Later, the Alaska Forest Association ("AFA")—of which Viking was a member—sought *permissive* intervention pursuant to Rule 24(b).[11] Because "the interest of AFA on the one hand and those of Viking Lumber on the other, [were] essentially identical," the Court granted AFA permissive intervention but limited its briefing to the number of pages allowed for replies under the local rules.[12] Here, Hilcorp is like Viking, not AFA. Hilcorp is the first entity to file a motion to intervene. It is undisputed that no existing party represents Hilcorp's interests and that the challenged federal action applies directly to Hilcorp.

Finally, if granted intervention, Hilcorp will present its arguments as efficiently and effectively as possible, and will coordinate with the Federal Defendants to the fullest extent practicable. Plaintiffs have presented no facts to the contrary and have not otherwise provided any rational justification for their proposed page limit restriction. It

---

[8] *Tongass Conservation Soc'y v. U.S. Forest Serv.*, No: 3:10-cv-00006-TMB (D. Alaska June 22, 2010), ECF No. 152.

[9] *See id.*, (Jan. 22, 2010) ECF No. 7 (Viking Lumber's Motion to Intervene).

[10] *See id.*, (Jan. 22, 2010) ECF No. 17 (Minute Entry Granting Viking's Motion to Intervene).

[11] *See id.*, (Jan. 22, 2010) ECF No. 11 (Alaska Forest Association and City of Coffman Cove's Motion to Intervene).

[12] *Id.*, (June 22, 2010) ECF No. 152 at 10, 12.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                 5

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

would be manifestly unfair to preemptively hamstring Hilcorp's ability to fully defend its interests based upon Plaintiffs' unsupported speculation that doing so will somehow render this litigation inefficient.

### III.  CONCLUSION

In sum, Plaintiffs' first requested condition simply states an obligation applicable to all the parties to this case and Plaintiffs' second requested condition is both unsupported and unreasonable. Accordingly, Hilcorp respectfully requests that the Court grant its Motion to Intervene as an intervenor-defendant with full rights of participation under Rule 24(a).

DATED:  October 8, 2019.

STOEL RIVES LLP

By: */s/ Ryan P. Steen*
RYAN P. STEEN (Bar No. 0912084)
JASON T. MORGAN (Bar No. 1602010)
JAMES C. FELDMAN (Bar No. 1702003)

Attorneys for Hilcorp Alaska, LLC

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG            6

# CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2019, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:19-cv-00238-SLG who are registered CM/ECF users will be served by the CM/ECF system.

Julie Teel Simmonds - Email: jteelsimmonds@biologicaldiversity.org
Kassia Siegel - Email: ksiegel@biologicaldiversity.org
Kristen Monsell - Email: kmonsell@biologicaldiversity.org

                                        */s/ Ryan P. Steen*
                                        Ryan P. Steen

103835190.4 0066502-00011

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG         7