Kassia Siegel (AK Bar # 0106044)
Julie Teel Simmonds (*Pro Hac Vice*)
Kristen Monsell (*Pro Hac Vice*)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
T: (510) 844-7100
F: (510) 844-7150
E: ksiegel@biologicaldiversity.org
kmonsell@biologicaldiversity.org
jteelsimmonds@biologicaldiversity.org

*Attorneys for Plaintiffs Cook Inletkeeper and
Center for Biological Diversity*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| COOK INLETKEEPER and CENTER FOR BIOLOGICAL DIVERSITY, <br><br> *Plaintiffs*, <br><br> v. <br><br> WILBUR ROSS, *et al.*, <br><br> *Defendants*, <br><br> and <br><br> HILCORP ALASKA, LLC, *et al.*, <br><br> *Intervenor-Defendants.* | Civil Action No. 3:19-cv-00238-SLG |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE
SUPPLEMENTAL COMPLAINT**

Pursuant to Federal Rule of Civil Procedure Rule 15(d), Local Civil Rule 15.1,

and the Court's February 24, 2020 scheduling order, Plaintiffs Cook Inletkeeper and

*Cook Inletkeeper, et al. v. Ross, et al.*
Plaintiffs' Unopposed Motion for Leave to File Supplemental Complaint
Case No. 3:19-cv-00238-SLG

1

Center for Biological Diversity ("Plaintiffs") hereby file this Unopposed Motion for Leave to File a Supplemental Complaint ("Motion"). Plaintiffs seek leave to supplement the existing Complaint to allege new facts related to the status of critically endangered Cook Inlet beluga whales—one of the species at issue in this case—and add one additional claim against Federal Defendants related to their failure to act on this new information.

As required by Local Civil Rule 15.1(a), Plaintiffs have attached to this Motion as Exhibit 1 the proposed Supplemental Complaint in redline clearly indicating how it differs from Plaintiffs' First Amended Complaint. Counsel for Federal Defendants and Defendant-Intervenors communicated to counsel for Plaintiffs on June 10, 2020 that Federal Defendants and Defendant-Intervenors do not oppose this Motion.

## BACKGROUND

On September 4, 2019, Plaintiffs filed this lawsuit challenging Federal Defendants' issuance of incidental take regulations and Letters of Authorization permitting Hilcorp Alaska LLC to harm and harass highly imperiled Cook Inlet beluga whales and other marine mammals incidental to Hilcorp's oil and gas operations in Cook Inlet over a five-year period. (ECF No. 1). Plaintiffs brought claims under the Endangered Species Act, National Environmental Policy Act, and the Marine Mammal Protection Act. Plaintiffs filed a First Amended Complaint on October 10, 2019 to challenge the Fisheries Service's modified Letter of Authorization. (ECF No. 28).

*Cook Inletkeeper, et al. v. Ross, et al.*
Plaintiffs' Unopposed Motion for Leave to File Supplemental Complaint
Case No. 3:19-cv-00238-SLG                                                                 2
Case 3:19-cv-00238-SLG   Document 45   Filed 06/11/20   Page 2 of 8

On January 28, 2020, Federal Defendants issued a report titled "Aerial Surveys, Distribution, Abundance, and Trend of Belugas (*Delphinapterus Leucas*) in Cook Inlet, Alaska, June 2018," dated December 2019. (ECF No. 41-1). The report documented that the population of Cook Inlet beluga whales is estimated to be smaller and declining more quickly than previously thought.

Three days later, Plaintiffs sent a 60-day notice of intent to sue to Federal Defendants under the citizen-suit provision of the Endangered Species Act, 16 U.S.C. § 1540(g), alleging Federal Defendants' failure to reinitiate and complete consultation on the Letters of Authorization and incidental take regulations based on this new information violates Federal Defendants' duty to ensure their actions are not likely to jeopardize the continued existence of Cook Inlet beluga whales. *See id.* § 1536(a)(2); (ECF No. 41-1).

The Parties subsequently filed a stipulated motion for a revised scheduling order to provide Plaintiffs with the opportunity to seek leave to supplement the complaint once the 60-day waiting period necessary to bring a claim under the citizen-suit provision of the Endangered Species Act had run. *See* 16 U.S.C. § 1540(g); (ECF No. 41). The Court adopted this proposed schedule on February 24, 2020. (ECF No. 43).

On March 30, 2020, Federal Defendants responded to Plaintiffs' 60-day notice stating they do not intend to reinitiate consultation based on the new information regarding the population abundance and trend of Cook Inlet beluga whales. (*See* Exh. 2, Teel-Simmonds Decl., at 3 (filed concurrently with this motion)).

*Cook Inletkeeper, et al. v. Ross, et al.*
Plaintiffs' Unopposed Motion for Leave to File Supplemental Complaint
Case No. 3:19-cv-00238-SLG

3

Case 3:19-cv-00238-SLG   Document 45   Filed 06/11/20   Page 3 of 8

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981).

A supplemental complaint is "a tool of judicial economy and convenience," and its use "is therefore favored." *Keith v. Volpe,* 858 F.2d 467, 474 (9th Cir. 1998); *see also Hjelle v. Brooks*, 424 F. Supp. 595, 602 n. 3 (D. Alaska 1976) (Wright, J., concurring) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1506 (1971); 3 J. Moore, Federal Practice P 15.16[3] (2d ed. 1975)) ("The need to avoid multiplicity of lawsuits, evidenced by ancillary and pendent jurisdiction doctrine, and by rules allowing liberal pleading and joinder of claims, supports a policy of freely admitting supplemental claims."). As such, courts should allow supplemental pleadings "as of course, unless some particular reason for disallowing them appears." *Keith*, 858 F.2d at 473 (citation omitted).

## ARGUMENT

The Court should grant Plaintiffs' request for leave to supplement the Complaint. Granting such relief would promote judicial economy and the efficient resolution of the
*Cook Inletkeeper, et al. v. Ross, et al.*
Plaintiffs' Unopposed Motion for Leave to File Supplemental Complaint
Case No. 3:19-cv-00238-SLG

4

Case 3:19-cv-00238-SLG   Document 45   Filed 06/11/20   Page 4 of 8

controversy between the Parties. Federal Defendants and Defendant-Intervenors will not be prejudiced by this supplemental pleading and, as noted above, do not oppose this Motion.

The standards for Rule 15(d) supplemental pleadings are easily satisfied here. Plaintiffs' proposed Supplemental Complaint alleges new facts based on Federal Defendants' Cook Inlet beluga whale report issued after Plaintiffs filed their original Complaint. The proposed Supplement Complaint adds one new claim challenging Federal Defendants' failure to reinitiate and complete Endangered Species Act consultation in light of the new information in the report. The one additional claim in Plaintiffs' proposed Supplemental Complaint involves the same agency action and is based on the same core set of facts as the existing Complaint. Given the similarities in the questions of fact, the causes of action, and the Parties, supplementation is in the interests of justice and judicial economy and will allow the Court to more easily resolve the entire controversy between the Parties. It would enable the Court to adjudicate the closely related challenges as one case rather than requiring Plaintiffs to initiate a separate lawsuit against Federal Defendants and requiring Federal Defendants and Defendant-Intervenors to respond to that lawsuit.

Allowing supplementation would not cause undue delay or inconvenience the proceedings or Federal Defendants and Defendant-Intervenors because it will not alter the Revised Scheduling Order entered by the Court on February 24, 2020. (ECF No. 43). The Revised Scheduling Order submitted jointly by the Parties contemplated and

*Cook Inletkeeper, et al. v. Ross, et al.*
Plaintiffs' Unopposed Motion for Leave to File Supplemental Complaint
Case No. 3:19-cv-00238-SLG

5

Case 3:19-cv-00238-SLG   Document 45   Filed 06/11/20   Page 5 of 8

incorporated this Motion for Leave to File a Supplemental Complaint. The Revised Scheduling Order directed Plaintiffs to file such a motion within two days of the expiration of the 60-day notice period, with Federal Defendants and Defendant-Intervenors reserving their right to oppose the motion. (*Id.* at 1). The subsequent administrative record and briefing deadlines are tied to the Court's order on this Motion. (*Id.* at 1–2).

Plaintiffs had intended to file this Motion by April 12, 2020, which is 62 days from Federal Defendants' receipt of Plaintiffs' 60-day notice of intent to sue. However, on March 30, 2020, the U.S. District Court for the District of Alaska issued Miscellaneous General Order 20-11 ("MGO 20-11"), which imposed "a stay on all civil matters for 30 days, unless otherwise ordered by the presiding judge in a specific case." MGO 20-11, ¶ B.1. This pushed Plaintiffs' intended filing date to May 12, 2020. Then, on April 20, 2020, the U.S. District Court for the District of Alaska issued Miscellaneous General Order 20-13 ("MGO 20-13"). MGO 20-13 extended the stay imposed on all civil matters "for an additional 30 days, unless otherwise ordered by the presiding judge in a specific case." MGO 20-13, ¶ B.1. Pursuant to MGO 20-13, Plaintiffs waited an additional 30 days before filing this Motion.

On May 22, 2020, the U.S. District Court for the District of Alaska issued Miscellaneous General Order 20-17 ("MGO 20-17"), which lifted the stay on civil matters as of June 1, 2020 and specifies that "any filing deadlines affected by the stay shall be extended to reflect the 60-day time period of the stay." MGO 20-17, ¶ B.1.

*Cook Inletkeeper, et al. v. Ross, et al.*
Plaintiffs' Unopposed Motion for Leave to File Supplemental Complaint
Case No. 3:19-cv-00238-SLG        6
Case 3:19-cv-00238-SLG   Document 45   Filed 06/11/20   Page 6 of 8

Accordingly, Plaintiffs are filing this Motion on June 11, 2020—60 days from their original deadline of April 12, 2020.

This filing is very early in the procedural history of the case, the Court may rule on it at its convenience, and only once the Court rules will the subsequent deadlines relating to the administrative record and briefing from the Revised Scheduling Order be triggered.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Unopposed Motion for Leave to File a Supplemental Complaint.

Respectfully submitted this 11th day of June, 2020.

s/ Julie Teel Simmonds
JULIE TEEL SIMMONDS (*Pro Hac Vice*)

s/ Kristen Monsell
KRISTEN MONSELL (*Pro Hac Vice*)
KASSIA SIEGEL (AK Bar # 0106044)
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
jteelsimmonds@biologicaldiversity.org
kmonsell@biologicaldiversity.org
ksiegel@biologicaldiversity.org
Tel: (510) 844-7100
Fax: (510) 844-7150

*Attorneys for Plaintiffs Cook Inletkeeper
and Center for Biological Diversity*

*Cook Inletkeeper, et al. v. Ross, et al.*
Plaintiffs' Unopposed Motion for Leave to File Supplemental Complaint
Case No. 3:19-cv-00238-SLG

7

Case 3:19-cv-00238-SLG   Document 45   Filed 06/11/20   Page 7 of 8

# CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, I electronically filed the foregoing UNOPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT, along with a [PROPOSED] ORDER, PLAINTIFFS' PROPOSED SUPPLEMENTAL COMPLAINT, and the DECLARATION OF JULIE TEEL SIMMONDS with the Clerk of the Court using the CM/ECF system, which will automatically serve the documents upon counsel of record for Federal Defendants and Intervenor-Defendants.

By: s/ Kristen Monsell
Kristen Monsell, *Pro Hac Vice*

KRISTEN MONSELL
CENTER FOR BIOLOGICAL DIVERSITY

*Attorney for Plaintiffs Cook Inletkeeper
and Center for Biological Diversity*

*Cook Inletkeeper, et al. v. Ross, et al.*
Plaintiffs' Unopposed Motion for Leave to File Supplemental Complaint
Case No. 3:19-cv-00238-SLG

8

Case 3:19-cv-00238-SLG   Document 45   Filed 06/11/20   Page 8 of 8