Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
James C. Feldman (Bar No. 1702003)
james.feldman@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for Hilcorp Alaska, LLC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER and CENTER FOR BIOLOGICAL DIVERSITY, | No.: 3:19-cv-00238-SLG |
| Plaintiffs, | |
| v. | |
| WILBUR ROSS, Secretary of Commerce; JIM BALSIGER, Regional Administrator of National Marine Fisheries Service; NATIONAL MARINE FISHERIES SERVICE, | |
| Defendants, | |
| HILCORP ALASKA, LLC; and STATE OF ALASKA, | |
| Intervenor-Defendants. | |

**INTERVENOR-DEFENDANT'S ANSWER TO SUPPLEMENTAL COMPLAINT**

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                    1

Intervenor-Defendant Hilcorp Alaska, LLC ("Hilcorp") answers Plaintiffs' Supplemental Complaint for Declaratory and Injunctive Relief as follows, in paragraphs numbered to correspond to the paragraph numbers in the Supplemental Complaint.

## INTRODUCTION

1.      Paragraph 1 states plaintiffs' characterization of the litigation and therefore does not require a response.

2.      In response to paragraph 2, Hilcorp admits that seismic surveys can be used to locate oil and gas reserves beneath the ocean floor. The remaining allegations of paragraph 2 are vague, ambiguous, and speculative, and are therefore denied.

3.      Paragraph 3 states plaintiffs' characterization of the incidental take regulations and associated final rule at issue in this lawsuit ("ITR"), which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

4.      Paragraph 4 states plaintiffs' characterization of subjects addressed in the ITR and related environmental review documents, which requires no response as the ITR and related documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the ITR and related documents, Hilcorp denies them.

5.      Paragraph 5 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

6. Paragraph 6 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

7. Paragraph 7 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

8. Paragraph 8 states plaintiffs' characterization of the position of the Marine Mammal Commission, which requires no response as the Marine Mammal Commission's position speaks for itself. To the extent plaintiffs' allegations are inconsistent with the position of the Marine Mammal Commission, Hilcorp denies them. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9. Paragraph 9 states plaintiffs' characterization of National Marine Fisheries Service ("NMFS") documents, which requires no response as the NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the NMFS documents, Hilcorp denies them.

10. Paragraph 10 states plaintiffs' characterizations of the 2016 Recovery Plan for the Cook Inlet beluga whale ("Recovery Plan"), which require no response as the Recovery Plan speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Recovery Plan, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG            3

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

11.     Paragraph 11 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

12.     The first sentence of paragraph 12 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. Hilcorp denies the remaining allegations of paragraph 12.

13.     Hilcorp denies the allegations of paragraph 13.

14.     Paragraph 14 states plaintiffs' characterization of their claims and requested relief and therefore does not require a response.

## JURISDICTION AND VENUE

15.     In response to paragraph 15, Hilcorp states that the Court's jurisdiction is a matter of law which does not require a response, and further states that the cited federal laws speak for themselves.

16.     In response to paragraph 16, Hilcorp states that the question of venue is a matter of law which does not require a response, and further states that the cited federal law speaks for itself.

## PLAINTIFFS

17.     Hilcorp is without information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                   4

18. Hilcorp is without information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. The first sentence of paragraph 19 states plaintiffs' characterization of their claims and therefore does not require a response. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies them.

20. Hilcorp denies the allegations of paragraph 20.

21. Hilcorp denies the allegations of paragraph 21.

## DEFENDANTS

22. In response to paragraph 22, Hilcorp admits that Wilbur Ross is the Secretary of the U.S. Department of Commerce with all responsibilities prescribed by applicable law.

23. In response to paragraph 23, Hilcorp admits that Jim Balsiger is the Regional Administrator for NMFS Alaska Regional Office with all responsibilities prescribed by applicable law.

24. In response to paragraph 24, Hilcorp admits that NMFS is a subdivision of the National Oceanic and Atmospheric Administration, which is an agency within the U.S. Department of Commerce and with the authority provided by applicable law.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG          5

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

# LEGAL BACKGROUND

## Marine Mammal Protection Act

25. Paragraph 25 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

26. Paragraph 26 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

27. Paragraph 27 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

28. Paragraph 28 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

29. Paragraph 29 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

30. Paragraph 30 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG          6

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

31.     Paragraph 31 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

32.     Paragraph 32 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

33.     Paragraph 33 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

34.     Paragraph 34 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

35.     Paragraph 35 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

**Endangered Species Act**

36.     Paragraph 36 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG            7

37.     Paragraph 37 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

38.     Paragraph 38 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

39.     Paragraph 39 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

40.     Paragraph 40 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

41.     Paragraph 41 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

42.     Paragraph 42 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                    8

43.     Paragraph 43 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

44.     Paragraph 44 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

45.     Paragraph 45 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

46.     Paragraph 46 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

47.     Paragraph 47 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

48.     Paragraph 48 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG            9

49. Paragraph 49 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

50. Paragraph 50 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

51. Paragraph 51 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

52. Paragraph 52 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

53. Paragraph 53 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

54. Paragraph 54 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                    10

## National Environmental Policy Act

55.     Paragraph 55 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

56.     Paragraph 56 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

57.     Paragraph 57 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

58.     Paragraph 58 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

59.     Paragraph 59 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

60.     Paragraph 60 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA  98101
Main (206) 624-0900 Fax (206) 386-7500

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

61.     Paragraph 61 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

62.     Paragraph 62 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

63.     Paragraph 63 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

64.     Paragraph 64 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

**Administrative Procedure Act**

65.     Paragraph 65 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

66.     Paragraph 66 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

67.     Paragraph 67 states plaintiffs' characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

## FACTS

### Cook Inlet, Alaska

68.     In response to paragraph 68, Hilcorp admits that Cook Inlet is a semi-enclosed tidal estuary fed by several rivers in southcentral Alaska, and that national parks, wildlife refuges, state parks, and various ecosystems are located within the Cook Inlet watershed. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 68 and therefore denies them.

69.     In response to paragraph 69, Hilcorp admits that the Cook Inlet watershed provides habitat for numerous species of wildlife. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69 and therefore denies them.

70.     Hilcorp admits the allegations in paragraph 70.

71.     Hilcorp admits the allegations in the first and second sentences of paragraph 71 regarding historic oil production in Cook Inlet. The allegations in the third sentence of paragraph 71 are vague, ambiguous, and speculative, and are therefore denied.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

72.     In response to the first sentence of paragraph 72, Hilcorp admits that in 2017 it bought 14 leases in Cook Inlet. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 and therefore denies them.

73.     Paragraph 73 states plaintiffs' characterizations of BOEM's OCS Gas Leasing Plan, which requires no response as the applicable Gas Leasing Plan speaks for itself. To the extent plaintiffs' allegations are inconsistent with BOEM's OCS Gas Leasing Plan, Hilcorp denies them.

74.     In response to paragraph 74, Hilcorp admits that in February 2017, it discovered a natural gas leak in one of the underwater pipelines it operates in Cook Inlet that was caused by the tidal movement of rocks against the pipeline. Hilcorp further admits that, after the leak was discovered, Hilcorp promptly initiated inspection and repair protocols and the leak was repaired as soon as weather and safety conditions allowed. Hilcorp denies the remaining allegations of paragraph 74.

75.     Paragraph 75 states plaintiffs' characterizations of federal and state documents, which require no response as the applicable federal and state documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable federal and state documents, Hilcorp denies them.

76.     Paragraph 76 states plaintiffs' characterizations of BP's August 2019 announcement about its Alaska assets, which require no response as the announcement

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                 14

speaks for itself. To the extent plaintiffs' allegations are inconsistent with that announcement, Hilcorp denies them.

## Marine Mammals in the Project Area

77. Paragraph 77 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with applicable NMFS documents, Hilcorp denies them.

78. Paragraph 78 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

79. The allegations in paragraph 79 are overly broad, vague, ambiguous, and speculative, and are therefore denied. Hilcorp further avers that the subjects addressed in paragraph 79 are addressed in the ITR, the content of which speaks for itself.

80. The allegations in the first sentence of paragraph 80 are vague and ambiguous, and are therefore denied. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 and therefore denies them.

81. The allegations in paragraph 81 are vague, ambiguous, and speculative, and are therefore denied.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                    15

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

82. The allegations in paragraph 82 are vague, ambiguous, and speculative, and are therefore denied.

83. In response to the first sentence of paragraph 83, Hilcorp admits that there are five distinct population segments of beluga whales. The second sentence of paragraph 83 is vague and ambiguous, and is therefore denied. In response to the third sentence of paragraph 83, Hilcorp admits that the Cook Inlet beluga whale is listed as endangered under the federal Endangered Species Act. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and therefore denies them.

84. In response to paragraph 84, Hilcorp admits that beluga whales are white in color and move between salt water and fresh water. The remaining allegations of paragraph 84 are vague and ambiguous, and are therefore denied.

85. In response to paragraph 85, Hilcorp admits that beluga whales can be present in Cook Inlet at any time of the year. The remaining allegations of paragraph 85 are vague and ambiguous, and are therefore denied.

86. In response to paragraph 86, Hilcorp admits that Cook Inlet beluga whales can eat a range of foods and can exhibit site fidelity. Hilcorp is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86 and therefore denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG          16

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

87.     Paragraph 87 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

88.     Paragraph 88 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

89.     The first sentence of paragraph 89 states plaintiffs' characterizations of NMFS' actions, which require no response as the applicable NMFS actions speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS actions, Hilcorp denies them. Hilcorp is without information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 89 and therefore denies them. The allegations in the third sentence of paragraph 89 are vague and ambiguous, and are therefore denied.

90.     Paragraph 90 states plaintiffs' characterizations of NMFS' actions, which require no response as the applicable NMFS actions speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS actions, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                    17

91.     Paragraph 91 states plaintiffs' characterizations of NMFS' actions, which require no response as the applicable NMFS actions speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS actions, Hilcorp denies them.

92.     The first sentence of paragraph 92 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them. The remaining allegations in paragraph 92 states plaintiffs' characterizations of NMFS' actions, which require no response as the applicable NMFS actions speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS actions, Hilcorp denies them.

93.     Paragraph 93 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

94.     Paragraph 94 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

*STOEL RIVES* LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                    18

95. Paragraph 95 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

96. Paragraph 96 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

97. Paragraph 97 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

98. Paragraph 98 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

99. Paragraph 99 states plaintiffs' characterizations of NMFS documents, which require no response as the applicable NMFS documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable NMFS documents, Hilcorp denies them.

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

100. The first sentence of paragraph 100 states plaintiffs' characterizations of Marine Mammal Commission documents, which require no response as the applicable Marine Mammal Commission documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable Marine Mammal Commission documents, Hilcorp denies them. Hilcorp is without information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 100 and therefore denies them.

**The Fisheries Service's Incidental Take Regulations and Related Decisions**

101. Paragraph 101 states plaintiffs' characterizations of Hilcorp's application, which requires no response as the applicable application speaks for itself. To the extent plaintiffs' allegations are inconsistent with the applicable application, Hilcorp denies them.

102. Paragraph 102 states plaintiffs' characterization of their claims in the litigation and therefore does not require a response.

**The Incidental Take Regulations and Letters of Authorization**

103. Paragraph 103 states plaintiffs' characterizations of the ITR and a Letter of Authorization ("LOA"), which require no response as the ITR and LOA speak for themselves. To the extent plaintiffs' allegations are inconsistent with the ITR and LOA, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG          20

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

104.     Paragraph 104 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

105.     Paragraph 105 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

106.     Paragraph 106 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

107.     Paragraph 107 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

108.     Paragraph 108 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

109.     Paragraph 109 states plaintiffs' characterization of the ITR and LOA, which requires no response as the ITR and LOA speak for themselves. To the extent plaintiffs' allegations are inconsistent with the ITR and LOA, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                   21

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

110. Paragraph 110 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

111. Paragraph 111 states plaintiffs' characterizations of the ITR and LOA, which require no response as the ITR and LOA speak for themselves. To the extent plaintiffs' allegations are inconsistent with the ITR and LOA, Hilcorp denies them.

112. Paragraph 112 states plaintiffs' characterizations of the ITR and LOA, which require no response as the ITR and LOA speak for themselves. To the extent plaintiffs' allegations are inconsistent with the ITR and LOA, Hilcorp denies them.

113. Paragraph 113 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

114. Paragraph 114 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

115. Paragraph 115 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

116. Paragraph 116 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

117. Paragraph 117 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

118. Paragraph 118 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

119. Paragraph 119 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

120. Paragraph 120 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

121. Paragraph 121 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

122.     Paragraph 122 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

123.     Paragraph 123 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

124.     Paragraph 124 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

125.     Paragraph 125 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

126.     Paragraph 126 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

127.     Paragraph 127 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

128.	Paragraph 128 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

129.	Paragraph 129 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

130.	Paragraph 130 states plaintiffs' characterization of the ITR, which requires no response as the ITR speaks for itself. To the extent plaintiffs' allegations are inconsistent with the ITR, Hilcorp denies them.

131.	Paragraph 131 states plaintiffs' characterization of a Federal Register notice regarding Hilcorp's LOA, which requires no response as the applicable notice speaks for itself. To the extent plaintiffs' allegations are inconsistent with the applicable notice, Hilcorp denies them.

132.	Paragraph 132 states plaintiffs' characterization of a Federal Register notice regarding Hilcorp's LOA, which requires no response as the applicable notice speaks for itself. To the extent plaintiffs' allegations are inconsistent with the applicable notice, Hilcorp denies them.

133.	Paragraph 133 states plaintiffs' characterization of a Federal Register notice regarding Hilcorp's LOA, which requires no response as the applicable notice speaks for

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG          25

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

itself. To the extent plaintiffs' allegations are inconsistent with the applicable notice, Hilcorp denies them.

134. Paragraph 134 states plaintiffs' characterization of NMFS' actions, which requires no response as the applicable actions speak for themselves. To the extent plaintiffs' allegations are inconsistent with NMFS' actions, Hilcorp denies them.

135. Paragraph 135 states plaintiffs' characterization of a Federal Register notice regarding Hilcorp's LOA, which requires no response as the applicable notice speaks for itself. To the extent plaintiffs' allegations are inconsistent with the applicable notice, Hilcorp denies them.

136. Paragraph 136 states plaintiffs' characterization of a Federal Register notice regarding the ITR, which requires no response as the applicable notice and ITR speaks for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable notice and ITR, Hilcorp denies them.

137. Paragraph 137 states plaintiffs' characterization of a Federal Register notice and Hilcorp's LOA, which requires no response as the applicable notice and LOA speak for themselves. To the extent plaintiffs' allegations are inconsistent with the applicable notice and LOA, Hilcorp denies them.

138. Paragraph 138 states plaintiffs' characterization of Hilcorp's LOA, which requires no response as the LOA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the LOA, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG          26

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

**The Biological Opinion for the Incidental Take Regulations and Letters of Authorization**

139.     Paragraph 139 states plaintiffs' characterization of the Biological Opinion at issue in this lawsuit, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

140.     Paragraph 140 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

141.     Paragraph 141 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

142.     Paragraph 142 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

143.     Paragraph 143 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                    27

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

144.     Paragraph 144 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

145.     Paragraph 145 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

146.     Paragraph 146 states plaintiffs' characterization of the Biological Opinion, which requires no response as the Biological Opinion speaks for itself. To the extent plaintiffs' allegations are inconsistent with the Biological Opinion, Hilcorp denies them.

**The Environmental Assessment and Finding of No Significant Impact for the Incidental Take Regulations and Letters of Authorization**

147.     Paragraph 147 states plaintiffs' characterization of the Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") at issue in this lawsuit, which requires no response as the EA and FONSI speak for themselves. To the extent plaintiffs' allegations are inconsistent with the EA and FONSI, Hilcorp denies them.

148.     Paragraph 148 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                28

149. Paragraph 149 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

150. Paragraph 150 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

151. Paragraph 151 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

152. Paragraph 152 states plaintiffs' characterization of public comments submitted to the agency, and NMFS' response to those comments, which requires no response as the comments and agency response speak for themselves. To the extent plaintiffs' allegations are inconsistent with the comments and agency response, Hilcorp denies them.

153. Paragraph 153 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

154. Paragraph 154 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. To the extent plaintiffs' allegations are inconsistent with the EA, Hilcorp denies them.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG          29

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

155.    Paragraph 155 states plaintiffs' characterization of the FONSI, which requires no response as the FONSI speaks for itself. To the extent plaintiffs' allegations are inconsistent with the FONSI, Hilcorp denies them.

**The Fisheries Service Revised Abundance Estimates for Cook Inlet Beluga Whales**

156.    Paragraph 156 states plaintiffs' characterization of the biennial abundance estimate for Cook Inlet beluga whales, which requires no response as the abundance estimate speaks for itself. To the extent plaintiffs' allegations are inconsistent with the abundance estimate, Hilcorp denies them.

157.    Paragraph 157 states plaintiffs' characterization of the biennial abundance estimate for Cook Inlet beluga whales, which requires no response as the abundance estimate speaks for itself. To the extent plaintiffs' allegations are inconsistent with the abundance estimate, Hilcorp denies them.

158.    Paragraph 158 states plaintiffs' characterization of the biennial abundance estimate for Cook Inlet beluga whales, which requires no response as the abundance estimate speaks for itself. To the extent plaintiffs' allegations are inconsistent with the abundance estimate, Hilcorp denies them.

159.    Paragraph 159 states plaintiffs' characterization of its own letter to the National Marine Fisheries Service, which requires no response as the letter speaks for itself. To the extent plaintiffs' allegations are inconsistent with the letter, Hilcorp denies them.

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

160.    Paragraph 160 states plaintiffs' characterization of a National Marine Fisheries Service memorandum, which requires no response as the memorandum speaks for itself. To the extent plaintiffs' allegations are inconsistent with the memorandum, Hilcorp denies them.

## FIRST CLAIM FOR RELIEF

### (Violations of the MMPA and APA – Incidental Take Regulations)

161.    Hilcorp admits and denies the allegations of paragraph 161 as stated above.

162.    Hilcorp denies the allegations of paragraph 162.

163.    Hilcorp denies the allegations of paragraph 163.

164.    Hilcorp denies the allegations of paragraph 164.

165.    Hilcorp denies the allegations of paragraph 165.

166.    Hilcorp denies the allegations of paragraph 166.

167.    Hilcorp denies the allegations of paragraph 167.

## SECOND CLAIM FOR RELIEF

### (Violations of the MMPA and APA – Letter of Authorization)

168.    Hilcorp admits and denies the allegations of paragraph 168 as stated above.

169.    Hilcorp denies the allegations of paragraph 169.

170.    Hilcorp denies the allegations of paragraph 170.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                    31

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

## THIRD CLAIM FOR RELIEF

## (Violations of the ESA and APA)

171. Hilcorp admits and denies the allegations of paragraph 171 as stated above.

172. Hilcorp denies the allegations of paragraph 172.

173. Hilcorp denies the allegations of paragraph 173.

174. Paragraph 174 states a conclusion of law, which requires no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

175. Hilcorp denies the allegations of paragraph 175.

## FOURTH CLAIM FOR RELIEF

## (Violations of the ESA – Failure to Reinitiate and Complete New Consultation)

176. Hilcorp admits and denies the allegations of paragraph 176 as stated above.

177. Paragraph 177 states plaintiffs' characterizations of National Marine Fisheries Service documents, which require no response as the documents speak for themselves. To the extent plaintiffs' allegations are inconsistent with the referenced documents, Hilcorp denies them. Hilcorp otherwise denies the allegations of paragraph 177.

178. Hilcorp denies the allegations of paragraph 178.

179. Hilcorp denies the allegations of paragraph 179.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                    32

180.    Hilcorp denies the allegations of paragraph 180.

## FIFTH CLAIM FOR RELIEF

### (Violations of the NEPA and APA)

181.    Hilcorp admits and denies the allegations of paragraph 181 as stated above.

182.    Hilcorp denies the allegations in the first sentence of paragraph 182. The second and third sentences of paragraph 182 state conclusions of law and characterizations of law, which require no response as the applicable law speaks for itself. To the extent plaintiffs' allegations are inconsistent with applicable law, Hilcorp denies them.

183.    Hilcorp denies the allegations of paragraph 183.

184.    Hilcorp denies the allegations of paragraph 184.

185.    Hilcorp denies the allegations in the first sentence of paragraph 185. The first clause of the second sentence of paragraph 185 states plaintiffs' characterization of the EA, which requires no response as the EA speaks for itself. Hilcorp denies the remaining allegations in the second sentence of paragraph 185.

186.    Hilcorp denies the allegations of paragraph 186.

## PRAYER FOR RELIEF

Hilcorp denies that plaintiffs are entitled to any of the relief requested in the Complaint, including, but not limited to, the relief prayed for in paragraphs 1 through 9 of the Prayer for Relief.

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                    33

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

Except as expressly admitted in this Answer, Hilcorp denies each and every allegation contained in plaintiffs' Supplemental Complaint and the whole thereof.

## HILCORP'S AFFIRMATIVE DEFENSES

Hilcorp asserts the following affirmative defenses:

1. Plaintiffs have failed to state a claim for which relief may be granted.

2. Plaintiffs lack standing to bring their claims.

3. This Court lacks jurisdiction over some or all of plaintiffs' claims.

4. Some or all of plaintiffs' claims are barred by the doctrines of ripeness, laches, or exhaustion of administrative remedies.

5. Hilcorp reserves the right to amend or supplement these affirmative defenses as appropriate.

WHEREFORE, Hilcorp, having fully answered the allegations contained in plaintiffs' Supplemental Complaint, respectfully requests that this Court enter a judgment dismissing the Supplemental Complaint with prejudice, and awarding such other and further relief as may be just and warranted.

DATED: June 23, 2020

STOEL RIVES LLP

By: _/s/ James C. Feldman_
    RYAN P. STEEN (Bar No. 0912084)
    JASON T. MORGAN (Bar No. 1602010)
    JAMES C. FELDMAN (Bar No. 1702003)

Attorneys for Hilcorp Alaska, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2020, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:19-cv-00238-SLG who are registered CM/ECF users will be served by the CM/ECF system.

Julie Teel Simmonds – Email: jteelsimmonds@biologicaldiversity.org
Kassia Siegel – Email: ksiegel@biologicaldiversity.org
Kristen Monsell – Email: kmonsell@biologicaldiversity.org
John Martin – Email: john.h.martin@usdoj.gov
Cheryl Brooking – Email: cheryl.brooking@alaska.gov

/s/ James C. Feldman
James C. Feldman

107024187.2 0066502-00011

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

*Cook Inletkeeper, et al. v. Ross, et al.*
Case No. 3:19-cv-00238-SLG                35